UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PURNELL WILLIAMS | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2851 |
| DEPARTMENT OF SOCIAL SERVICES, STATE OF LOUISIANA, ET AL. | * | SECTION "D" (2) |

**ORDER**

Plaintiff Purnell Williams filed his Complaint and *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis* on July 26, 2023. ECF Nos. 1, 2.

**I.   APPLICABLE LAW**

  **A.   *In Forma Pauperis* Standard for Authorization to Proceed Without Payment**

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1] Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.[2] Courts should make the assessment of a plaintiff's financial ability after considering whether payment of the filing fee would cause an undue financial hardship.[3] This analysis entails a review of plaintiff's income sources and the "demands on [his] financial resources, including whether expenses are discretionary or mandatory."[4]

Plaintiff's *in forma pauperis* application is submitted on the AO 240 Form and provides sufficient information to enable the Court to determine that he is unable to pay fees in this matter, as required by 28 U.S.C. § 1915.

---

[1] 28 U.S.C. § 1915(a)(1).
[2] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (citations omitted); 28 U.S.C. § 1915(a).
[3] *Prows*, 842 F.2d at 140 (citing *Smith v. Martinez*, 706 F.2d 572 (5th Cir. 1983).
[4] *Id.*

1

## B. Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[5] Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[6] Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[7] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[8]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[9] A claim "'lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"[10] A court may not dismiss a claim simply because the facts are "unlikely."[11] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'"[12] A complaint fails to state a claim on which relief may be

---

[5] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[6] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[7] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
[8] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).
[9] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[10] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[11] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[12] *Id.*

granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[13] The Fifth Circuit has also held that *in forma pauperis* cases are properly subject to dismissal as frivolous under § 1915 where the claims are duplicative and repetitive pursuant to § 1915 and analogous principles of res judicata.[14]

### C. Pleading Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "'sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them.'"[15] While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation."[16] Even the complaints of *pro se* litigants must convince the court that plaintiff has a colorable claim.[17]

## II. ANALYSIS

Based upon the information provided, Plaintiff will be permitted to proceed *in forma pauperis* in this proceeding under the provisions of 28 U.S.C. § 1915(a). Although the Court has permitted the plaintiff to proceed *in forma pauperis*, the court must determine whether plaintiff's

---

[13] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[14] *Wilson v. Lynaugh*, 878 F.2d 846, 849 & n.7 (5th Cir. 1989) (citing *Pugh v. Par. of St. Tammany*, 875 F.3rd 436 (5th Cir. 1989); *Roberson v. Breen*, 444 Fed. App'x 841, 842 (5th Cir. 2011) (citations omitted) ("An action may be dismissed as malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation."); *see also Shabazz v. Franklin*, 380 F. Supp. 2d 793, 802 (N.D. Tex. 2005) (noting that "it is well-accepted that courts may appropriately dismiss an IFP action as frivolous when the action seeks to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.") (internal quotation and citation omitted).

[15] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R. & R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555–57).

[17] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").

complaint satisfies the requirements of the *in forma pauperis* statute. Accordingly, summons will not be issued pending completion of this Court's statutorily-mandated review.

Plaintiff seeks to "re-file [his] complaint in conjunction with Plaintiffs' Original and Amended Complaint" in a separate matter, Williams v. Louisiana Department of Social Services, et al., No. 22-1129 (E.D. La. 2022) (hereinafter the "2022 case"), which case he claims was dismissed without prejudice because Plaintiff listed an out-of-state address in his pleadings. ECF No. 1. A review of the record in the 2022 case, however, reflects that the district court dismissed Plaintiff's claims against the Attorney General of Louisiana and the Department of Children and Family Services of Louisiana without prejudice for lack of subject matter jurisdiction and dismissed his claims against Defendants Cynthia Allen and Lana Woodard in their official and individual capacities with prejudice as frivolous. *See* ECF Nos. 20, 22 in 22-1129.

In Plaintiff's new complaint, he asserts that the Defendants have "continued to violate, oppress and deter[]" his Fourth and Fourteenth Amendment rights." ECF No. 1 at 1-2. In the caption of his complaint, Plaintiff lists "Louisiana Department of Social Services, Office of Family Support Support [sic] Enforcement Services a.k.a. Louisiana Department of Children and Family Services Child Support Enforcement Section" as "Defendant-Individual Capacities" and Lana Woodard and Cynthia Allen as defendants in their individual capacities. *Id*. at 1.

As Plaintiff raises the same claims against the same parties (Louisiana Department of Children and Family Services, Cynthia Allen, and Lana Woodard) in his new complaint that the district court dismissed in the 2022 case, his complaint is entirely duplicative of the prior action and should be dismissed as frivolous under § 1915(e).

### III. CONCLUSION

Plaintiff has established his inability to pay fees under 28 U.S.C. § 1915(a)(1)(2). On its face, however, Plaintiff's Complaint appears to be entirely duplicative of his 2022 filing, subjecting the complaint to summary dismissal under § 1915(e). Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's *Ex Parte*/Consent Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED;

IT IS FURTHER ORDERED that the Clerk withhold issuance of summons at this time pending completion of the statutorily mandated review;

IT IS FURTHER ORDERED that, for the reasons set forth above, on or before **Tuesday, October 3, 2023**, Plaintiff Purnell Williams **SHOW CAUSE** why his Complaint should not be summarily dismissed as frivolous;

IT IS FURTHER ORDERED that, in response to this show cause order, Plaintiff shall file a response containing **a written statement** setting forth the specific facts upon which he relies to distinguish his current claims from those already dismissed by the district court. **PLAINTIFF'S FAILURE TO RESPOND IN WRITING AS DIRECTED HEREIN MAY RESULT IN THE DISMISSAL OF HIS COMPLAINT.**

IT IS FURTHER ORDERED that there will be no oral hearing on Tuesday, October 3, 2023, but the matter will be taken under advisement on the written filings on that date.

New Orleans, Louisiana, this 3rd day of August, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE