UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PURNELL WILLIAMS | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2851 |
| DEPARTMENT OF SOCIAL SERVICES, STATE OF LOUISIANA, ET AL. | * | SECTION "D" (2) |

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Purnell Williams filed his Complaint and *Ex Parte*/Consent Motion for Leave to *in forma pauperis* on July 26, 2023. ECF Nos. 1, 2. Consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court ordered that summons not be issued until completion of the statutorily-mandated review. ECF No. 9. The August 3, 2023 Show Cause Order required Plaintiff to file a written response showing cause why his Complaint should not be summarily dismissed as frivolous, on or before Tuesday, October 3, 2023, in accordance with 28 U.S.C. § 1915(e)(2). Plaintiff thereafter filed an Amended Complaint (ECF No. 5) and a Motion for Leave to Amend (ECF No. 6), which motion is also pending before me pursuant to Judge Vitter's September 27, 2023 Order of Reference. ECF Nos. 6, 7. The court will construe Plaintiff' subsequent filings as responses to the Show Cause Order.

    I.    **PLAINTIFF'S CLAIMS AND MOTION FOR LEAVE TO AMEND**

In his Complaint, Plaintiff indicates that he is "re-fil[ing his] complaint in conjunction with Plaintiffs' Original and Amended Complaint" in a separate matter, *Williams v. Louisiana Department of Social Services, et al.,* No. 22-1129 (E.D. La. 2022) (hereinafter the "2022 case"), which case he claims was dismissed without prejudice because Plaintiff listed an out-of-state address in his pleadings. ECF No. 1. A review of the record in the 2022 case, however, reflects that the district court dismissed Plaintiff's claims against the Attorney General of Louisiana and the Department of Children and Family Services of Louisiana without prejudice for lack of subject

matter jurisdiction and dismissed his claims against Defendants Cynthia Allen and Lana Woodard in their official and individual capacities with prejudice as frivolous.  *See* ECF Nos. 20, 22 in 22-1129.

Plaintiff asserts that the defendants have "continued to violate, oppress and deter[]" his Fourth and Fourteenth Amendment rights." ECF No. 1 at 1-2.  He cites 18 U.S.C. § 1341–Frauds and Swindles.  *Id*. at 1, 5.  The caption lists as defendants "Louisiana Department of Social Services, Office of Family Support Support [sic] Enforcement Services a.k.a. Louisiana Department of Children and Family Services Child Support Enforcement Section" as "Defendant-Individual Capacities" and Lana Woodard and Cynthia Allen in their individual capacities.  *Id*. at 1.  This Complaint appears to raise the same claims against the same parties (Louisiana Department of Children and Family Services, Cynthia Allen, and Lana Woodard) that the district court dismissed in the 2022 case.  For that reason, this Court ordered Plaintiff to show cause why his complaint is not entirely duplicative of the prior action.

In response to this Court's Show Cause Order, Plaintiff filed an Amended Complaint in which he once again asserts that he is "re-fi[ling] this complaint in conjunction with [his] Original and Amended Complaint #22-1129(D)2 filed on or around April 26, 2022." ECF No. 5.  Plaintiff raises claims under 42 U.S.C. § 1983 arising out of alleged violations of the fourth and fourteenth amendments, 18 U.S.C. 1341 (mail & wire fraud statute), "right to travel violation," (another component of his fourteenth amendment allegations), common law fraud, and civil conspiracy to commit fraud for which he seeks damages for emotional and economic distress as well as compensatory and punitive damages.  *Id*. at 1.  Plaintiff claims that Defendants engaged in common law fraud "by intentionally creating a false child support case against [him] without his knowledge or consent."  *Id*. at 3.  He claims that Defendants committed the alleged violations while acting under color of law.  *Id*.  Plaintiff also conclusorily asserts that "Defendants have engaged in Mail

and Wire Fraud since 2018." *Id*. at 5.  In his "Memorandum to Complaint," Plaintiff indicates that he has "removed the previous Defendants Dept of Social Services and Child Support Enforcement from this filing," leaving only his claims against "the State Actors" (presumedly Defendants Woodard and Allen) in their individual capacities.  ECF No. 5-1 at 1.

On September 26, 2023, Plaintiff filed a Motion to Amend Complaint (ECF No. 6) in which he seeks leave to add as defendants Robert Trahan and Daletria Bentley and to assert an additional claim of common law negligence against all defendants.  Plaintiff asserts that Bentley, a representative of the Department of Children and Family Services, Child Support Enforcement Section ("DCFS"),[1] "illegally seized" funds from his Navy Federal bank account without submission of a garnishment order.  *Id*. at 1.  Plaintiff further asserts that Robert Trahan, another DCFS representative,[2] committed mail fraud and violated Plaintiff's right to travel by sending Plaintiff a Notice to Noncustodial Party Regarding License Suspension.  *Id*.

II.   **APPLICABLE LAW**

   A. **Statutorily Mandated Review**

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[3]  Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[4]  Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious,

---

[1] *See* ECF No. 6-1 at 2.
[2] *See id.* at 3.
[3] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[4] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

3

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[5] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[6]

### B. Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[7]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[8]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1) deprivation of a right secured by the U.S. Constitution or federal law;
(2) that occurred under color of state law; and
(3) was caused by a state actor.[9]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[10] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[11] "The traditional definition of acting under color of state law requires that the

---

[5] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
[6] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).
[7] 42 U.S.C. § 1983.
[8] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[9] *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004) (citation omitted).
[10] *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted).
[11] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[12]

### III. ANALYSIS

Initially, in light of Plaintiff's indication that he is no longer pursuing any claims against the Louisiana Department of Social Services Child Support Enforcement Section,[13] all claims against this Defendant should be dismissed. Left for determination are his claims against Defendants Lana Woodard and Cynthia Allen in their individual capacities and his additional claims against Defendants Robert Trahan and Daletria Bentley. Plaintiff does not indicate whether he raises claims against Trahan and Bentley in their individual or official capacities.

#### A. This Case is Malicious Under § 1915(e) and Subject to Res Judicata

This case is considered malicious within the meaning of § 1915(e) due to the substantially similar proceeding filed by Plaintiff in 2022 case against Lana Woodard and Cynthia Allen in their individual capacities. *See Williams v. Louisiana Department of Social Services, et al.*, Civil Action No. 22-1129 (E.D. La. 2022). Plaintiff also alleged violations of 18 U.S.C. §§ 241 (conspiracy against rights); 242 (deprivation of rights under color of law); 873 (blackmail); and 1341 (fraud and swindles).[14] In that case, Defendants appeared and filed a Motion to Dismiss,[15] after which Judge Vitter dismissed all claims against Woodard and Allen in their individual capacities as frivolous under § 1915.[16] Citing La. Rev. Stat. §§ 46:236.1.1–46:238, the court reasoned that Woodard and Allen, as DCFS employees, were authorized to enforce, collect, and distribute child support funds; therefore, Plaintiff's § 1983 claims against them lacked an arguable basis both in law and fact.[17]

---

[12] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).
[13] *See* ECF No. 5-1 at 1.
[14] *Id*. at 6. Plaintiff again raises § 1341 claims against Woodard and Allen in this action.
[15] ECF No. 16 in Civil Action No. 22-1129.
[16] ECF Nos. 20 (Order and Reasons of Dismissal) and 22 (Amended Judgment) in Civil Action No. 22-1129.
[17] ECF No. 20 at 11-13 in Civil Action No. 22-1129.

The court also noted that "there are no judicial decisions recognizing a constitutional right of a man to terminate his duties of support under state law for a child that he has fathered, no matter how removed he may be emotionally from the child."[18]  Plaintiff's fraud claims against Woodard and Allen were likewise dismissed as frivolous.[19]

In this case, Plaintiff again raises § 1983 individual capacity claims against Woodard and Allen for their allegedly unconstitutional actions as employees of Louisiana DCFS.[20]  He asserts that the Defendants never challenged the merits of his allegations in the 2022 case nor filed a "Constitutionally complaint defense for their violations," and the 2022 case was "dismissed without prejudice due to [Plaintiff] utilizing his out-of-court address," thus he now seeks to re-file his Complaint.[21]  Contrary to Plaintiff's current assertion regarding the basis of dismissal in the 2022 case, a review of the record reflects that his claims case against Woodard and Allen in the 2022 case were dismissed with prejudice as frivolous.[22]  As such, his claims against these defendants in this case are malicious under § 1915(e) and subject to dismissal on that basis.

Likewise, the claim is subject to dismissal based on res judicata, which "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."[23]  Although res judicata is generally an affirmative defense that must be pleaded, not raised *sua sponte*, the Fifth Circuit has recognized an exception to this rule when *sua sponte* dismissal is "in the interest of judicial economy where both actions were brought before the same court."[24]  The four elements[25] of

---

[18] *Id*. at 11-12 (quoting *N.E. v. Hedges*, 391 F.3d 832, 836 (6th Cir. 2004)).
[19] *Id*. at 12-13.
[20] ECF No. 1 at 1.
[21] *Id*. at 1-2.
[22] *See* ECF Nos. 20, 22 in 22-1129.
[23] *Petro-Hunt, L.L.C. v. U.S.,* 365 F.3d 385, 395 (5th Cir. 2004) (citations omitted).
[24] *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001) (citing *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980); *accord United Home Rentals, Inc. v. Tex. Real Estate Comm'n*, 716 F.2d 324, 330 (5th Cir. 1983)).
[25] The four elements are:  (1) The parties are identical or in privity; (2)  The judgment in the prior action was rendered by a court of competent jurisdiction; (3) The prior action was concluded by a final judgment on the merits; and (4) The same claim or cause of action was involved in both actions.  *In re Southmark Corp.,* 163 F.3d 925, 934 (5th Cir. 1999).

res judicata are satisfied here.[26] In light of Judge Vitter's final judgment dismissing these federal claims under § 1915, Plaintiff should be precluded from pursuing § 1983 and § 1341 claims against Woodard and Allen in this proceeding.

### B. 1983 Claims against Bentley and Trahan are Patently Frivolous

Plaintiff does not indicate whether he asserts § 1983 claims against DCFS employees Bentley and Thomas in their official or individual capacities. Either way, his claims are patently frivolous and subject to dismissal.

1. Official Capacity Claims

Both Trahan and Bentley sent correspondence to Plaintiff as representatives of the Louisiana Department of Children and Family Services Child Support Enforcement Section.[27] DCFS is an arm of the state.[28] A state official sued in her official capacity is not considered a "person" subject to suit under § 1983.[29] Thus, to the extent Plaintiff asserts claims against Trahan and Bentley in their official capacities, such claims must be dismissed.

2. Individual Capacities

Just as Plaintiff's § 1983 claims against Woodard and Allen in their individual capacities were dismissed in the 2022 case and should be dismissed here, his claims against Trahan and Bentley should likewise be dismissed as frivolous under § 1915. As Judge Vitter noted in the 2022

---

[26] *See* ECF Nos. 20 (Order and Reasons of Dismissal) and 22 (Amended Judgment) in Civil Action No. 22-1129.
[27] *See* ECF No. 6-1 at 2-3.
[28] *Martin v. Dep't of Children and Family Services*, 550 F. Supp. 3d 527, 543 (E.D. La. 2020) (Vitter, J.) (citing *Lexing v. Edwards*, No. 17-1092, 2018 WL 2350650, at *8 (W.D. La. Apr. 30, 2018) (citing *Cummings v. Louisiana Dept. Children & Family Servs.,* No. 14-3362, 2015 WL 5015311, at *1 n.2 (W.D. La. Aug. 21, 2015) (and cases cited therein)); *Schannette v. Doxey*, No. 2:12-01416, 2013 WL 4516041, at *4 (W.D. La. Aug. 22, 2013) (citing *Harmony Center, LLC v. Jindal*, No. 10-621, 2010 WL 4955167, at *3 (M.D. La. Nov. 30, 2010)).
[29] *Will v. Mich. Dep't of St. Police*, 491 U.S. 58, 71 (1989) (suit against a state official in official capacity is not a suit against the individual person but a suit against the official's office); *Boyd v. Lasher*, No. 09-7645, 2010 WL 677663, at *2 (E.D. La. Feb. 24, 2010) (ordering adopting Report and Recommendation) (state officials acting in that capacity are not considered to be "persons" within the meaning of § 1983); *McCloud v. Craig*, No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009) (same).

case, there is no constitutional right to terminate child support duties.[30] And while Plaintiff alleges that Trahan and Bentley violated his fourth and fourteenth amendment rights by sending child support orders to Plaintiff's bank and child support notices to Plaintiff himself, he has failed to allege any facts establishing a plausible claim under either amendment. Nor has Plaintiff alleged, beyond his conclusory use of the word "illegal," any facts suggesting that Bentley or Trahan were acting outside of their roles as state agency employees in sending child support correspondence on DCFS letterhead. Thus, Plaintiff's § 1983 claims against Trahan and Bentley in their individual capacities lack an arguable basis in both law and fact and should be dismissed as frivolous.

### C. Frivolous 28 U.S.C. § 1341 Claim against Trahan

In his Motion to Amend Complaint, Plaintiff seeks to bring claims against Robert Trahan under, *inter alia*, 18 U.S.C. § 1341, which statute criminalizes mail fraud. Initially, criminal charges cannot be brought by private individuals as "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."[31] As Chief Justice Roberts has noted, "[o]ur entire criminal justice system is premised on the notion that a criminal prosecution pits the government against the governed, not one private citizen against another."[32] Moreover, a plaintiff may not compel a criminal investigation by federal law enforcement agencies by filing a civil complaint.[33] The Executive Branch has absolute discretion to decide whether to investigate or prosecute a case and such decisions are not subject to judicial review.[34] Accordingly, Plaintiff's § 1341 claim against Trahan should be dismissed as frivolous and/or for failure to state a claim for which relief can be granted.

---

[30] ECF No. 20 at 11-12 in Civil Action No. 22-1129.
[31] *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).
[32] *Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278, 130 S.Ct. 2184, 176 L.Ed.2d 1024 (2010) (Roberts, C.J., dissenting from dismissal of the writ of certiorari as improvidently granted).
[33] *White v. Markey*, No. 20-3316, 2020 WL 7481041, at *2 (D.D.C. Dec. 11, 2020) (citing *Otero v. U.S. Attorney General*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982)).
[34] *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021).

D. **Plaintiff's Fraud, Negligence, and Conspiracy Claims are Squarely State Law Issues**

Plaintiff asserts claims of common law fraud, negligence, and conspiracy to commit fraud against all defendants.[35] Common law fraud and negligence are state law causes of action.[36] Further, as Plaintiff fails to tie his civil conspiracy claim to any federal statute, this claim is likewise considered a state law claim, which in this case would be addressed under Louisiana law.[37] In order for a state law claim to proceed in federal court, the court must have either diversity jurisdiction or supplemental jurisdiction over the claim.

1. **Diversity Jurisdiction**

A federal district court may exercise diversity jurisdiction where (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[38] Complete diversity exists when "no party on one side [is] a citizen of the same State as any party on the other side."[39] The party seeking the federal forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction.[40] Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time of filing.[41]

In this case, Plaintiff indicates that he lives in Metairie, Louisiana.[42] Plaintiff lists Baton Rouge, Louisiana addresses on the summonses directed to Louisiana DCFS employees Lana

---

[35] ECF Nos. 1, 5 and 6.
[36] *See Saadat v. Landsafe Flood Determination, Inc.,* 253 F. App'x 343, 344 (5th Cir. 2007) (finding no subject matter jurisdiction over state law claims of common law fraud and negligence).
[37] *See, e.g., WickFire, L.L.C. v. Laura Woodruff; TriMax Media L.L.C.*, 989 F.3d 343, 358 (5th Cir. 2021) (assessing civil conspiracy claim under state law).
[38] 28 U.S.C. § 1332; *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg,* 134 F.3d 1250, 1253 (5th Cir. 1998)).
[39] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.,* 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted); *Bynane*, 866 F.3d at 355 (citation omitted).
[40] *Bynane v. Bank of N.Y. Mellon,* 866 F.3d 351, 356 (5th Cir. 2017) (citation omitted).
[41] *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004); *Ellison Steel, Inc. v. Greystar Constr. LP*, 199 Fed. Appx. 324, 2006 WL 2381924, at *3 (5th Cir. 2006).
[42] ECF No. 1 at 5.

Woodard and Cynthia Allen.[43]  Likewise, although Plaintiff has not filed summonses for Robert Trahan or Daletria Bentley, he attaches correspondence from each of these defendants with return addresses in Baton Rouge, Louisiana.[44]  Given that Plaintiff asserts he is a Louisiana citizen and provides Louisiana addresses for each defendant, he has failed to establish diversity.

   **2. Supplemental Jurisdiction**

A federal court may exercise supplemental jurisdiction over a state law claim where the court has original jurisdiction over all other claims and the supplemental claims are so related to the original claims that they "derive from a common nucleus of operative fact."[45]  To the extent Plaintiff intended to assert these claims under state tort law, they involve purely state law questions that are best and ordinarily left to the state courts to decide.

Because I recommend that Plaintiff's § 1983 and § 1341 claims be dismissed and no possible basis for federal subject matter jurisdiction is otherwise reflected from the face of this complaint, the court has discretion either to decline or exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3).  Considering the statutory provisions of § 1367(c) and balancing the relevant factors of judicial economy, convenience, fairness and comity and considering the early stage of this proceeding, the Court should decline to exercise jurisdiction over any state law tort or negligence claims and dismiss them without prejudice.

   **IV.   CONCLUSION**

Plaintiff has voluntarily sought to dismiss his claims against the Louisiana Department of Social Services Child Support Enforcement Section,[46] which claims should be dismissed on that basis.  Plaintiff's § 1983 and § 1341 claims against Woodard and Allen are malicious and barred by

---

[43] ECF Nos. 1-3; 1-4.
[44] *See* ECF No. 6-1 at 2-3.
[45] 28 U.S.C. § 1367(a); *S.J. Assoc. Pathologists, P.L.L.C. v. Cigna Healthcare of Tex., Inc.,* 964 F.3d 369, 373 (5th Cir. 2020) (citing *Mendoza v. Murphy,* 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966))).
[46] *See* ECF No. 5-1 at 1.

*res judicata*.  Likewise, Plaintiff has failed to state a plausible claim for relief under § 1983 or § 1341 against Defendants Bentley or Trahan in either their official or individual capacities.  Given the assertion that Plaintiff and all Defendants have Louisiana addresses, Plaintiff has also failed to establish diversity jurisdiction over his state law claims.  To the extent supplemental jurisdiction would be available, the court should decline to exercise same over any state law tort or negligence claims in the interest of judicial economy, convenience, fairness and comity, and considering the early stage of this proceeding.

## ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint (ECF No. 6), which the court construes as a motion for leave to file a response to the August 3, 2023 Show Cause Order, is **GRANTED** and that the Show Cause Order is **SATISFIED.**

## RECOMMENDATION

**IT IS RECOMMENDED** that the 42 U.S.C. §§ 1983 and 28 U.S.C. § 1341 claims against Defendants Cynthia Allen and Lana Woodard be DISMISSED WITH PREJUDICE as malicious, frivolous, and otherwise for failure to state a claim for which relief can be granted pursuant 28 U.S.C. §§ 1915 and 1915A.

**IT IS FURTHER RECOMMENDED** that the 42 U.S.C. § 1983 and 28 U.S.C. § 1341 claims against Defendants Robert Trahan and Daletria Bentley be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant 28 U.S.C. §§ 1915 and 1915A.

**IT IS FURTHER RECOMMENDED** that Plaintiff's common law fraud, negligence, and conspiracy to commit fraud claims against all Defendants be **DISMISSED WITHOUT**

**PREJUDICE** because the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against the Louisiana Department of Social Services Child Support Enforcement Section be **DISMISSED WITHOUT PREJUDICE** in light of Plaintiff's indication that he no longer seeks to pursue claims against this Defendant.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[47]

New Orleans, Louisiana, this ___16th___ day of October, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[47] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).